IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONETTE MARIE BOYD,            )
                               )
            Plaintiff,         )
                               )
       vs.                     )   Civil Action No. 10-1441
                               )
MICHAEL J. ASTRUE, as          )
Commissioner of Social Security, )
                               )
            Defendant.         )


O R D E R

AND NOW, this 24th day of February, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's central contention is that the ALJ erred in not affording Dr. Mudry's October 2009 opinion controlling weight. The Court disagrees. It is true that an ALJ must give a treating physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). However, an ALJ may reject the opinion of a treating physician if it is "conclusory and unsupported by the medical evidence." Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). An ALJ is entitled to give lesser weight to an opinion of a treating physician where that opinion is provided in a "check-box form" and the treating physician fails to offer an explanation to support the conclusions contained therein. Prokopick v. Comm'r of Soc. Sec., 272 Fed. Appx. 196, 199 (3d Cir. 2008); Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) (declaring that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best").

Here, Dr. Mudry, one of Plaintiff's treating physicians, filled out a check-box form on October 29, 2009, and opined that Plaintiff was not capable of handling "even low stress jobs," that her impairments would "frequently" interfere with her attention and concentration, that she could sit and stand for "up to 15 minutes at one time," that she would need a job that permitted her to shift positions at will, that she likely would need to take an unscheduled break every hour during an eight hour working day for 15 minutes at a time, that she should never look down or up, and that she would likely be absent from work more than four days per month due to her impairments. (R. 290-293). He stated that these limitations had applied since November 27, 2007. (Id. at 293). In his decision, the ALJ thoroughly recounted the medical evidence and explained that he did not afford significant weight to Dr. Mudry's opinion because he found it to be (1) "[in]consistent with the objective medical signs and findings set forth in [Dr. Mudry's] progress notes and in those of Dr. Le and Dr. Altschuler," (2) inconsistent with Plaintiff's reported limitations, (3) unsupported by any explanation, and (4) "not well-supported by the preponderant weight of the evidence." (R. 25). The ALJ explained how this opinion lacked support in the record, stated that the

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:      Counsel of record

---

limitations found by Dr. Murdy "appear[ed] rather extreme," and noted that Plaintiff reported relief from her pain with injections and medication. (Id.).

After a review of the record, the Court finds that the ALJ adequately explained his rationale for affording less than controlling weight to Dr. Mudry's opinion and that substantial evidence supports his decision to do so, as Dr. Mudry's opinion was given on a check-box form, was not accompanied by supporting explanations, and was outweighed by the other medical evidence in the record. See Hagner v. Barnhart, 57 Fed. Appx. 981, 983 (3d Cir. 2003). As such, the ALJ's hypothetical to the vocational expert was proper because it accurately conveyed all of Plaintiff's credibly established limitations. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).